Law Office of
**Kristian H. Salter**
177 N. Church Avenue, Suite 903
Tucson, AZ 85701-1120
520/623-5706 FAX: 520/623-1716
State Bar No. 026810 / PCC No. 66213
Kristian.salter@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Derrick Anthony Callella,<br><br>Defendant. | Case No.: 4:26-cr-00940-JCH-EJM<br><br>SENTENCING MEMORANDUM<br><br>(NOT IN CUSTODY) (ENGLISH SPEAKING) |

Derrick Anthony Callella, through undersigned counsel, respectfully submits the following sentencing memorandum for the Court's consideration. The defense has reviewed the presentence report with Mr. Callella and has no objections to it. The defense likewise has no objection to any of the special conditions recommended by the probation officer.

The defense joins the recommendation of the United States Probation Office and respectfully requests that the Court impose concurrent 60-month terms of probation, consistent with the parties' agreement under Fed. R. Crim. P. 11(c)(1)(C), together with the recommended conditions of supervision.

**Memorandum**

Mr. Callella accepts responsibility for his conduct. He resolved this case by plea, agreed with the factual basis set out in the plea agreement, and admitted his involvement when interviewed by the probation officer. He told the probation officer that he felt shame and regret, that he understood how frightening his messages were to a family already living through the

disappearance of their mother, and that his conduct was uncalled for. That is also what he has told counsel from the beginning of this case, and counsel believes him.

The defense does not minimize the harm. Two people received text messages from an unknown number at the worst moment of their lives, in the middle of a matter that had become a national news story, and those messages caused real fear. That harm occurred regardless of what Mr. Callella intended, and he understands that.

The record also reflects what this case is not. The government's investigation did not link Mr. Callella to the ransom demand transmitted on February 2, 2026, and he was not associated with the disappearance itself. When agents came to his home, he waived his rights and answered their questions rather than concealing what he had done. The probation officer, having reviewed the investigative materials and interviewed Mr. Callella, found his account of his motive plausible in light of his educational background, which includes a bachelor's degree in print journalism from California State University, Long Beach, and his amateur work in that field. That finding is consistent with the entirety of the record before the Court.

What made this offense possible was methamphetamine. Mr. Callella began using during the COVID-19 pandemic to stay awake through night shifts at a Los Angeles County hospital, and by early 2026 his use was frequent and his judgment was compromised. He told the probation officer, candidly, that the drug removed his inhibitions and his capacity for clear decision making. The defense offers that as explanation and not as excuse. It matters here only because it identifies what has to change for this conduct never to repeat.

That change is underway. Mr. Callella did not do well on pretrial release. He tested positive for methamphetamine twice, missed drug tests, and failed to report as directed. Rather than take him into custody, this Court ordered him into residential treatment at Community Bridges,

Inc. at the change of plea hearing on July 2, 2026. He has complied with the program since, the program reports he is doing well and making progress, and he is scheduled to graduate on August 31, 2026. He told the probation officer that he intends to be, in his words, addicted to his recovery, and that he is committed to action rather than words. The two months since July 2 are the first evidence in this case that he means it.

Mr. Callella's history and characteristics support the recommended sentence. He is 43 years old, was raised in a stable home free of abuse, and is the first person in his family to earn a college degree. He obtained full physical custody of his two older children after child welfare authorities removed them from a dangerous situation, and those children remain closely supported by his parents in California. He is married and has a young daughter. He has consistent family support, and his parents have provided for his wife and child throughout this case. His release plan is to live with his parents and his two older children in Torrance during supervision.

The presentence report notes at Part E that a charge under 18 U.S.C. § 875(a) was not pursued, and it sets out what the guideline consequences would have been had Mr. Callella been convicted of that offense. The defense respectfully submits that the record does not support treating that uncharged conduct as an aggravating factor. Section 875(a) reaches the transmission of a communication containing a demand for ransom. Mr. Callella transmitted no such demand. The ransom demand in this case was submitted to a Tucson news affiliate through an online tip portal on February 2, 2026, and the investigation did not link Mr. Callella to it. His two messages were sent two days later, after the family had publicly asked for contact, and they asked whether a payment had already gone through. They demanded nothing and offered nothing. The presentence report states plainly that the messages were never positively linked to the ransom demand and that Mr. Callella was not affirmatively associated with the disappearance. The government had this

evidence and charged the offenses the evidence supported. The defense asks the Court to sentence Mr. Callella for the conduct to which he pleaded guilty.

That does not change the defense's position on the length of the sentence. With a total offense level of 4 and a Criminal History Category of I, the advisory range is zero to six months, the range falls in Zone A of the Sentencing Table, and the guideline term of probation would be one to three years. USSG §5B1.2(a)(2). The parties nonetheless stipulated to concurrent 60-month terms of probation, which exceeds the top of that range. Mr. Callella agreed to that term with full knowledge of it, and the defense joins it. The basis for it is not the uncharged conduct discussed above. It is that Mr. Callella's need for sustained substance abuse treatment and supervision is real and immediate, that his recovery is two months old, and that five years of structured supervision, with treatment, testing, and mental health services, gives him the support he needs while giving the Court and the probation officer ample time to confirm that he remains law abiding. 18 U.S.C. § 3553(a)(2)(D). So understood, a sentence of concurrent 60-month terms of probation is sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

The defense does not object to the special conditions recommended by the probation officer, including substance abuse treatment and testing, abstention from alcohol, the search condition, the mental health assessment and treatment condition, 50 hours of community service, DNA collection, and the condition prohibiting contact with the victims and their families. Mr. Callella understands the no-contact condition and will comply with it without qualification.

**Conclusion**

Mr. Callella accepted responsibility early, falls in the lowest criminal history category, and has spent the past two months doing the work that his recovery requires. He has

family who support him, children who depend on him, and a clear plan for his return home. The sentence the parties have agreed upon holds him accountable, provides a substantial period of supervision, and addresses the addiction that produced this offense. The defense respectfully requests that the Court impose concurrent 60-month terms of probation together with the conditions recommended by the probation officer.

RESPECTFULLY SUBMITTED this 24th day of August 2026.

THE LAW OFFICE OF RUBIN SALTER, JR.

______________________________________
Kristian H. Salter
Attorney for Defendant Callella

**Certificate of Service**
I hereby certify that on August 24, 2026,
I electronically transmitted the attached document
to the following CM/ECF registrants:

Jane L. Westby
Sarah J. Precup
Austin L. Fenwick
Assistant United States Attorneys