TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JANE L. WESTBY
SARAH J. PRECUP
AUSTIN L. FENWICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jane.westby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Derrick Anthony Callella,<br>Defendant. | **4:26-CR-0940-JCH-1**<br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through counsel, submits the following memorandum setting forth the Government's position at sentencing.

**<u>Introduction</u>**

N.G. disappeared from her residence in Tucson, Arizona, on or about February 1, 2026. N.G.'s basic essentials, such as wallet, cellphone, hearing aid, and medication were located at her home. Her vehicle was still in the garage. N.G. was 84 years old and unable to walk long distances on her own. N.G.'s blood was found on the outside of her residence near the porch. On February 2, 2026, a ransom demand for Bitcoin was sent to a local news affiliate and made public.

In the early days of the investigation, on February 4, 2026, Defendant Anthony Callella (Defendant) interjected himself into this horrible situation by sending both N.G.'s

daughter and son-in law, A.G. and T.C., a text message inquiring about whether they obtained the Bitcoin.

Defendant admits that he sent A.G. and T.C. a text which stated: "Did you get the bitcoin? We're waiting on our end for the transaction[.]" Defendant also admitted that he intended to harass A.G. and T.C. by seeking information about the investigation into N.G.'s disappearance, all while knowing that N.G. was A.G's mother and T.C.'s mother-in-law, that N.G. was missing, and that an earlier ransom demand had been made public. (Plea Agreement, DOC. No. 38, p. 9).

Defendant has not been linked to the February 2, 2026, ransom demand or associated with N.G.'s kidnapping.

**<u>Legal Analysis</u>**

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

> (1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.
>
> (2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.
>
> (3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.
>
> (4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008).

The parties stipulated to concurrent terms of five years' probation pursuant to Fed.R.Crim.Pro. 11(c)(1)(C) for Counts 1 and 2 of the Indictment, charging the Defendant with violations of 47 U.S.C. § 223(a)(1)(C)), Harassment Using Telecommunications Device, Class E felonies. (Plea Agreement, Doc. 38, p.3). This sentence is supported by all matters of record, including as follows:

First, the guideline range, correctly calculated by United States Probation, is 0 to 6 months imprisonment. Within this guideline range in Zone A of the United States Sentencing Guidelines, probation is an available sentence. Second, a variance from the guideline range of three years' probation to the stipulated sentence of five years' probation is appropriate under the § 3553 sentencing factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense; and (3) avoiding unwanted sentencing disparities. See 18 U.S.C. § 3553(a). Restitution in this case is not a factor.

Here, the nature and circumstances of the offense and the history and characteristics of the Defendant support the stipulated sentence. Defendant has admitted to a felony violation of harassing A.G. and T.C. using a telecommunications device. The nature and circumstances of this offense are serious. The defendant intentionally sent text messages to N.G.'s family members asking about whether they got the "Bitcoin," after the February 2 ransom note was public, and all while knowing the circumstances under which at N.G. was missing.

The history and characteristics of Defendant also support the stipulated sentence. Defendant has a history of unabated drug use affecting his relationships and his conduct. (PSR ¶¶ 52, 54, 55, 63). A variance to five years' probation is needed to address Defendant's drug use and monitor Defendant's conduct for an extended period time. Defendant's conduct on pretrial release also reinforces the need for a longer term of probation than the guideline range of three years' probation. (PSR ¶ 4). Furthermore, the

stipulated sentence recognizes that while Defendant qualifies as a zero-point offender, his history reported in the Presentence Report is not insignificant even though it does not affect his criminal history category. (PSR, ¶¶ 38,42).

Thus, the stipulated sentence meets the third § 3553 sentencing factor because the variance reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Finally, because of the serious nature and circumstances of the offense during which Defendant texted N.G.'s family about Bitcoin– knowing that N.G. was missing after a ransom note was made public - the stipulated sentence will not create a sentencing disparity.

The United States respectfully asks that the Defendant be sentenced to concurrent terms of five-years' probation for Counts 1 and 2 of the Indictment, pay $200 in special assessments, and be required to comply with all conditions of probation as set forth in the Presentence Report.

Respectfully submitted this 24th day of August 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*<u>/s Jane L. Westby</u>*
JANE L. WESTBY
SARAH J. PRECUP
AUSTIN FENWICK
Assistant U.S. Attorneys

Copy of the foregoing served electronically or
by other means this 24th day of August 2026, to:

Kristian Salter
Attorney for Defendant